**FOREMOST INSURANCE COMPANY**

v.

**Joan B. LYNCH, Administratrix of the estate of William E. Lynch, deceased.**

**No. CIV. A. 00–5656.**

United States District Court, E.D. Pennsylvania.

July 6, 2001.

Conrad J.J. Radcliffe, Eric A. Fitzgerald, Marshall, Dennehey, Warner, Coleman & Goggin, Charles Scott Rybny, German Gallagher & Murtagh, Philadelphia, PA, for Plaintiff.

Christine E. Munion, Lowenthal and Abrams, Bala Cynwyd, PA, for Defendant.

### MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Plaintiff, Foremost Insurance Company, brought this action seeking a declaratory judgment against Joan B. Lynch, Administratrix of the estate of her deceased husband, William E. Lynch. Presently before the court are the parties' cross motions for summary judgment based upon a stipulation of facts. For the reasons which follow, we grant the motion of Foremost and deny the motion of Lynch.

The facts are as follows. On May 22, 1990, William Lynch applied for and was approved for insurance coverage on a 1990 Shasta Motor Home by Foremost. The policy provided third party liability limits of $100,000 per person and $300,000 per accident. The policy was annually renewed through the policy period May 22, 1996 to May 22, 1997. On April 7, 1991,

Lynch executed a form entitled "Rejection of Underinsured Motorist Protect." Thereafter, none of the policy renewals contained underinsured motorist coverage. On March 8, 1997, William Lynch was fatally injured in a motor vehicle accident. His estate obtained permission to settle a claim against the third party tortfeasor for its policy limit of $15,000. The estate has requested that Foremost acknowledge that its underinsured motorist benefits were equal to the amount of its liability coverage, i.e. $100,000/$300,000. Finally, the parties have stipulated that the insurance policies issued by Foremost to Lynch do not contain a form setting forth all the language specified in 75 Pa.C.S.A. § 1791, nor did the policy renewals contain a notice in prominent type that the renewed policies did not provide underinsured benefits, as required by 75 Pa.C.S.A. § 1731(c.1).[1]

Pennsylvania's legislative scheme for rejecting underinsured motorist coverage is contained in two related sections of the Motor Vehicle Financial Responsibility Law (MVFRL). 75 Pa.C.S.A. § 1731 provides:

> (a) Mandatory offering.—No motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless uninsured motorist and underinsured motorist coverages are offered therein or supplemental thereto in amounts as provided in section 1734 (relating to request for lower limits of coverage). Purchase of uninsured motorist and un-

derinsured motorist coverages is optional.

> .    .    .    .    .

> (c) Underinsured motorist coverage.— Underinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles. The named insured shall be informed that he may reject underinsured motorist coverage by signing the following written rejection form:

> .    .    .    .    .

> (c.1) Form of Waiver.—... Any rejection form that does not specifically comply with this section is void.... *On policies in which either uninsured or underinsured coverage has been rejected, the policy renewals must contain notice in prominent type that the policy does not provide protection against damages caused by uninsured or underinsured motorists.*

(Emphasis added.) In addition, insurers are required to provide their insureds with the "Important Notice" form set forth in § 1791. That section provides:

> It shall be presumed that the insured has been advised of the benefits and limits available under this chapter provided the following notice in bold print of at least ten-point type is given to the applicant at the time of application for original coverage, and no other notice or rejection shall be required:

> > Insurance companies operating in the Commonwealth of Pennsylvania are required by law to make available for

---

1. Although the stipulation of the parties did not include the fact that the policy renewals did not comply with § 1731(c.1), in response to the court's order directing that the parties brief this issue, Foremost concedes that the declaration page for the 1996–97 renewal does not include the required notice. Plaintiff's Supplemental Brief at 1.

purchase the following benefits to you . . .

(6) Uninsured, under insured and bodily injury liability coverage up to at least $100,000 . . . .

Foremost argues that the underinsured motorist coverage waiver form executed by William Lynch is valid notwithstanding its admitted failure to have provided him with the "Important Notice" form required by § 1791. It also asserts that there is no basis for setting aside Lynch's waiver of coverage based upon Foremost's failure to include in the policy renewals the notice required by § 1731(c.1), informing the insured that the policy does not provide protection against damages caused by uninsured or underinsured motorists.

■ In *Salazar v. Allstate Insurance Co.*, 549 Pa. 658, 702 A.2d 1038 (1997), the Pennsylvania Supreme Court addressed the issue of whether the insurer's failure to include the "Important Notice" in renewal forms required that the initial waiver of coverage be voided. The court held that while an insurer must provide the notice in policy renewals to inform the named insured of his or her options regarding coverage at the time of renewal, because there was no remedy provided in the MVFRL for an insurer's failure to comply with § 1791, the insured was, nonetheless, not entitled to coverage.

*Salazar* based its holding in part upon a decision from this court in *Maksymiuk v. Maryland Casualty Ins. Co.*, 946 F.Supp. 379 (E.D.Pa.1996). In *Maksymiuk*, Judge Brody held that where coverage was validly waived when coverage was initially provided, the failure to include the notice in a policy renewal did not put that coverage back into the policy. In other words, although there was a violation of the statutory requirements, the Pennsylvania Legislature had provided no remedy that would allow the court to deem the insurer liable for the coverage.

Returning to the fact sub judice, here we deal with a two fold failure on the insurer's part. It did not provide the "Important Notice" form to Lynch when he executed the initial waiver and it also did not include the notice in the renewal forms. While we are sympathetic to the plight of the defendant, who will sacrifice $100,000 of coverage for want of a $20 premium, so too we must recognize that, applying *Salazar* and *Maksymiuk*, the Legislature has provided her no remedy for the insurer's failure to follow these particular technical requirements of the statute.

■■ We also find no merit to the defendant's other arguments. First, she argues that the initial waiver was void for want of consideration. The declarations page for the first renewal indicates, however, that the premium was reduced by $20 in exchange for the waiver of the unwanted coverage. She also contends that the initial waiver was ambiguous, arguing it is unclear whether it was intended to apply to the original policy or the first renewal. Again, we cannot agree. The initial policy was issued in May 1990, the waiver was executed in April 1991, and the first renewal was issued in May 1991. The initial policy charged a premium for the coverage, the renewed policy did not. We find there is no genuine issue of fact that Lynch intended the waiver to apply to the about to be issued first renewal, rather than the about to expire original policy.

Accordingly, judgment will be entered in favor of plaintiff Foremost and against defendant Joan Lynch.

### ORDER

The motion of plaintiff Foremost Insurance Company for summary judgment is GRANTED.

**402**

The motion of defendant Joan B. Lynch, Administratrix of the estate of William E. Lynch deceased, is DENIED.

Judgment is ENTERED in favor of Foremost Insurance Company and against Joan B. Lynch, Administratrix of the estate of William E. Lynch deceased.

The court DECLARES that defendant Joan B. Lynch, Administratrix of the estate of William E. Lynch is not entitled to underinsured motorist benefits under policy of insurance number 255–0016688777 issued by Foremost Insurance Company.

IT IS SO ORDERED.